**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney Id. No.: 85570
L. Anthony DiJiacomo, III, Esq.
Attorney Id. No.: 321356
7 South Morton Ave.
Morton, PA 19070
610-690-0801
610-690-0880 – Fax                                                  *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN L. BROWN | : | |
| | : | |
| v. | : | NO.:   1:15-cv-00918 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, et al. | : | |

### PLAINTIFF, DAWN L. BROWN'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS

Plaintiff, Dawn L. Brown, by and through her undersigned counsel, hereby provides her Response to Defendants' Statement of Material Facts, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted in part, denied in part. It is admitted that Plaintiff complained of sexual harassment by Harmon, as well as a series of actions that Plaintiff alleged were taken in retaliation for her complaint against Harmon. Defendants' characterizations of Plaintiff's

complaints and allegations in the prior lawsuit (*Brown v. Commonwealth of Pennsylvania*, Pa. M.D. No. 1:14-cv-00201) are denied. Further, as the complaints and allegations in the prior lawsuit are not (and cannot) be the basis for Plaintiff's claims herein, Plaintiff will not address the Defendant's characterizations herein.

8. Admitted.

9. Denied. As Plaintiff's Operative Complaint (Doc. 37) is a document which speaks for itself, Defendants' characterizations of Plaintiff's Operative Complaint (Doc. 37) are denied.

10. Admitted.

11. Admitted. By way of further response, Plaintiff went to Ms. Altland's office in order to provide supporting documentation of Plaintiff's FMLA request; however, despite meeting with Plaintiff, Ms. Altland refused to accept Plaintiff's FMLA documentation. *See* Brown II[1], 90:20-94:14. Plaintiff contends that Ms. Altland refused to accept her FMLA documentation upon direction from Attorney Beth Lawson, who was aware of Plaintiff's EEOC complaints. *Id.*

12. Admitted. By way of further response, Plaintiff contends that Defendant, James Meintel retaliated against Plaintiff for ordering her to move her motorcycle to a given parking lot when every other motorcycle driver were allowed to park their motorcycles where they pleased. *See* Brown II, 102:17-107:10.

13. Admitted.

14. Admitted. By way of further response, the Department of Corrections' Eastern Joint Committee determined that the discipline was inappropriate, reducing the 3-day suspension to a 1-day suspension and removing the "final warning". *See* Exhibit 7, Attach B-3 to Defendants'

---

[1]   Brown II refers to the second deposition of Plaintiff, Dawn Brown, taken on August 1, 2018. A true and correct copy of which is attached to Defendants' Motion for Summary Judgment as Exhibit 2.

Motion for Summary Judgment.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Denied as stated. Plaintiff admits that on January 13, 2015 she brought a single-dosage of Ativan into SCI-Camp Hill and took the single-dosage of Ativan while on duty. See Exhibit A, ¶ 33. Plaintiff contends that she was informed, in or around 2011 / 2012, by both a PSCOA Union Representative and Lt. Crum that staff were allowed to bring into correctional facilities a single-dosage of their prescribed medication. See Exhibit A, ¶¶ 34-35. However, Plaintiff contends that she was never informed that she needed to obtain written authorization from a supervisor to bring her single-dosage of prescribed medication into the correctional facility or take her prescribed medication during her shift. See Exhibit A, ¶¶ 34-35. Plaintiff contends that the following individuals brought a single-dosage of their prescribed medication into work without written authorization from their supervisors and have not faced discipline for such actions despite the Department's knowledge:

    a. Lt. Robert Crum;

    b. Lt. Melissa Griffin; and,

    c. C.O. Todd Smith.

See Exhibit A, ¶ 36. Plaintiff also contends that Correction Officer David Baity was caught bringing medication into the correctional facility in 2018 that Baity did not have a prescription for. See Exhibit A, ¶ 37. Plaintiff contends that Officer Baity was not been terminated as a result, despite not have a prescription for the controlled substance in his possession. See Exhibit A, ¶¶

36-37.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted. By way of further response, Plaintiff was originally told by her supervisor that she was being removed from the particular block for "safety" reasons because Plaintiff was female; the particular block was for convicted sex offenders. Brown II, 119:17-119:20.

25. Admitted.

26. Admitted. By way of further response, upon Plaintiff's request for the inmate's identification so that Plaintiff could properly protect herself, including by filing an appropriate separation request, Superintendent Gilmore instead suggested that Plaintiff file an EEO complaint against the supervisor who removed Plaintiff because she was female. Brown II, 120:18-121:21.

27. Admitted.

28. Admitted. By way of further response, Inmate Lewis was not moved because of Plaintiff's request, but instead because of a subsequent incident he was involved in that was caught on camera. Brown II, 117:5-117:10.

29. Admitted.

30. Admitted.

31. Admitted in part, denied in part. Defendants' characterizations of the letter are admitted as accurate characterizations. It is specifically denied that Plaintiff committed the various violations therein, as further articulated in Plaintiff's Statement of Material and Disputed Facts,

specifically ¶¶ 23-64.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

Respectfully submitted,

**WEISBERG LAW**

 */s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III, Esquire
*Attorneys for Plaintiff*