IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN L. BROWN,** | : | **CIVIL ACTION NO. 1:15-CV-918** |
| Plaintiff | : | |
| v. | : | (Chief Judge Conner) |
| **COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| Defendants | : | |

# **ORDER**

AND NOW, this 6th day of May, 2020, upon consideration of the report (Doc. 75) of Magistrate Judge Martin C. Carlson, recommending that the court grant in part and deny in part defendants' motion (Doc. 52) for summary judgment, wherein Judge Carlson opines that plaintiff Dawn L. Brown has failed to carry her Rule 56 burden on her retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. & CONS. STAT. ANN. §§ 951-963, but that there exist genuine issues of material fact as to Brown's First Amendment retaliation claim, and the court noting that defendants filed objections (Doc. 78) to the report, see FED. R. CIV. P. 72(b)(2), which have been fully briefed by the parties, (see Docs. 79, 83, 84), and following *de novo* review of the contested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court finding Judge

Carlson's analysis to be fully supported by the record and by the applicable decisional law,[1] and further finding defendants' objections (Doc. 78) to be without merit,[2] it is hereby ORDERED that:

1. The report (Doc. 75) of Magistrate Judge Martin C. Carlson is ADOPTED as set forth herein.

2. Defendants' motion (Doc. 52) for summary judgment is GRANTED in part and DENIED in part, as follows:

   a. Defendants' motion for summary judgment is GRANTED as to Brown's Title VII and PHRA retaliation claims (Count I, part two; Count II, part two).

   b. Defendants' motion is DENIED in all other respects.

3. Entry of judgment in defendants' favor on Brown's Title VII and PHRA retaliation claims is DEFERRED pending resolution of the remaining First Amendment retaliation claim (Count VI).

4. The following causes of action are DISMISSED with prejudice per Brown's express stipulation: (a) discrimination under Title VII against defendant Commonwealth of Pennsylvania (Count I, part one);

---

[1] Although Judge Carlson provides multiple reasons why Brown's Title VII and PHRA retaliation claims do not survive Rule 56 scrutiny, we base our decision on only the first. That is, Brown has failed to establish a *prima facie* causal connection between her protected Title VII conduct and her July 30, 2015 termination—the only "adverse employment action" Brown proffers. (See Doc. 70 at 4). The lone protected activity Brown identifies is filing a charge of discrimination with the Department of Corrections' equal employment office on January 15, 2015. (See id.) Brown relies solely on temporal proximity to show causation, but circuit precedent forecloses that approach because over six months elapsed between her protected conduct and her termination. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir. 2007) (three-month gap between protected activity and adverse action, by itself, not unusually suggestive); Andreoli v. Gates, 482 F.3d 641, 650 (3d Cir. 2007) (five-month gap insufficient). Because Brown has failed to adduce evidence "sufficient to raise the inference that her protected activity was the *likely reason* for the adverse [employment] action," Carvalho-Grievous v. Del. State Univ., 851 F.3d 249, 259 (3d Cir. 2017) (alteration in original) (citation omitted), she has failed to demonstrate causation for her *prima facie* case of retaliation under Title VII and the PHRA.

(b) discrimination under the PHRA against defendant Commonwealth of Pennsylvania (Count II, part one); (c) violation of Pennsylvania's Whistleblower Protection Law against defendant Commonwealth of Pennsylvania (Count III); (d) wrongful termination against defendant Commonwealth of Pennsylvania (Count IV); (e) equal protection claim under Fourteenth Amendment through 42 U.S.C. § 1983 against all defendants (Count V); and (f) First Amendment retaliation claim *only* as to defendants Commonwealth of Pennsylvania and Stephen Noll (Count VI).  (See Doc. 70 at 1-2, 10-11).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] Defendants primarily object by arguing that Brown failed to establish that Acting Deputy Secretary Michael Wenerowicz—the ultimate decisionmaker in plaintiff's July 2015 termination—had knowledge of Brown's protected First Amendment activity.  (See Doc. 79 at 3-5).  To be sure, Brown must show that her protected conduct was "a substantial or motivating factor" in the alleged retaliatory action.  Flora v. County of Luzerne, 776 F.3d 169, 174 (3d Cir. 2015) (citing Gorum v. Sessoms, 561 F.3d 179, 184 (3d Cir. 2009)).  It is equally settled that the causation component of Brown's retaliation claim includes a knowledge requirement, that is, "for protected conduct to be a substantial or motivating factor in the decision, the decisionmakers must be aware of the protected conduct."  Gorum, 561 F.3d at 188 (quoting Ambrose v. Township of Robinson, 303 F.3d 488, 493 (3d Cir. 2002)).  However, Brown has adduced evidence that a pre-disciplinary panel made the termination recommendation to Wenerowicz (which Wenerowicz followed) and that members of this panel knew of Brown's protected conduct.  (See Doc. 91 ¶¶ 3-13).  Wenerowicz also testified that he relied exclusively on the pre-disciplinary panel's recommendation and conference materials when deciding to terminate Brown.  (See Wenerowicz Dep. 7:15-8:16, 10:1-8).  This evidence is sufficient to establish knowledge of Brown's protected conduct, and thus *prima facie* causation, under what is colloquially referred to as the "cat's paw" doctrine.  See Staub v. Proctor Hosp., 562 U.S. 411, 418-19 (2011); McKenna v. City of Philadelphia, 649 F.3d 171, 177-78 (3d Cir. 2011).  As the Court explained in Staub, defendants' logic would permit an employer to isolate a personnel official from an employee's supervisors, "vest the decision to take adverse employment actions in that official," and thereby shield the employer from liability for adverse actions recommended by supervisors motivated by discriminatory or retaliatory animus.  See Staub, 562 U.S. at 419-20.  Defendants provide no rebuttal to Brown's cat's paw theory of liability, and they admit the relevant assertions leveled in Brown's supplemental statement of material facts.  (See Doc. 94-1 ¶¶ 3-13).  Accordingly, summary judgment as to Brown's First Amendment retaliation claim must be denied.