# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN L. BROWN,** | : | Civil No. 1:15-CV-918 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEPT. OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.  Factual Background

The plaintiff, Dawn Brown, is a former employee of the Pennsylvania Department of Corrections. In 2015, Brown brought a series of sweeping workplace discrimination claims against her former employers. This case has been pending for nearly six years. Over the span of this longstanding litigation, the remaining claims in Brown's lawsuit have been narrowed considerably. At this juncture, Brown's sole remaining legal claim is an allegation that she was discharged in July of 2015 in retaliation for the exercise of her First Amendment rights.

With the extant claims in this case framed in this fashion, the defendants have filed a motion *in limine*, (Doc. 115), which seeks to preclude Brown, who is now

proceeding *pro se*, from referring to or presenting evidence at trial relating to these claims that have previously been dismissed. This motion is fully briefed by the parties, (Docs. 116, 122, 123), and is, therefore, ripe for resolution. For her part, Brown has asserted claims of relevance relating to these matters that have been dismissed, albeit in terms that cannot be readily understood. (Doc. 116). Upon consideration of this motion, for the reasons set forth below, the motion is GRANTED in part as follows: Absent the express approval of the trial judge, following a proffer of relevance by the plaintiff and a full consideration of the positions of the parties, the plaintiff shall be precluded from referring to these claims that have been dismissed.

## II. Discussion

### A. Motions *in Limine*—Guiding Principles

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. United States v. Romano, 849

F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine* that call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " Abrams v. Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). One of the key guiding principles governing the exercise of this discretion is reflected in the philosophy that shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. Adopting this broad view of relevance, it has been held that

> Under [Rule] 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [Therefore] "[i]t follows that evidence is irrelevant only

3

when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."

Frank v. County of Hudson, 924 F. Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994) (quotations omitted)). Rule 402 of the Federal Rules of Evidence, in turn, provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir. 1996) (citations omitted).

Rule 403 of the Federal Rules of Evidence then sets legal grounds for exclusion of some evidence, stating that:

> Although relevant, evidence may be excluded if its probative value **is** substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

These broad principles also shape and define the scope of this Court's discretion in addressing motions *in limine* like those filed by the parties here, which seek a pre-trial ruling excluding evidence on relevance and prejudice grounds. In the past, the United States Court of Appeals for the Third Circuit has cautioned against the preliminary, wholesale exclusion of evidence, noting that it has "made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*." Walden v. Georgia–Pacific Corp., 126 F.3d 506, 518 n. 10 (3d Cir. 1997). The reason for this caution is evident: oftentimes a court "cannot fairly ascertain the potential

relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." Id.; see also In re Diet Drugs Products Liability Litigation, 369 F.3d 293, 314 (3d Cir. 2004). As the Court of Appeals has observed when advising against excessive reliance on motions *in limine* to exclude evidence under Rule 403:

> [M]otions *in limine* often present issues for which final decision is best reserved for a specific trial situation. American Home, 753 F.2d at 324; cf. Luce v. United States, 469 U.S. 38, 41–42, 105 S. Ct. 460, 463–64, 83 L.Ed.2d 443 (1984) (holding that criminal defendant must testify to preserve claim of improper impeachment with prior conviction) ("The [*in limine*] ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). This is particularly true when the evidence is challenged as irrelevant or prejudicial; the considerations weighed by the court will likely change as the trial progresses. See Rosenfeld v. Basquiat, 78 F.3d 84, 91 (2d Cir. 1996) ("Unlike rulings that involve balancing potential prejudice against probative value, the ruling in the present case was not fact-bound and no real purpose other than form would have been served by a later objection."). We have also made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*. "[A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence. We believe that Rule 403 is a trial-oriented rule. Precipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are therefore unfair and improper." Paoli I, 916 F.2d at 859; see also In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 747 (3d Cir. 1994) ("Paoli II"). Under these and similar circumstances, if a district court makes a tentative pre-trial ruling, it has the opportunity to "reconsider [its] in limine ruling with the benefit of having been witness to the unfolding events at trial." United States v. Graves, 5 F.3d 1546, 1552 (5th Cir. 1993).

Walden, 126 F.3d at 518 n. 10.

There is, however, a caveat to these legal tenets that urge caution in considering motions *in limine*. Courts are frequently called upon to consider such motions in cases like the instant case where it is alleged that a plaintiff is endeavoring to introduce evidence relating to claims that have been dismissed. Reasoning that evidence regarding dismissed claims that have failed as a matter of law typically has little relevance, courts have often excluded evidence of dismissed claims from trial. See e.g., Branch v. Brennan, No. 2:17-CV-00777, 2019 WL 3892850, at *2 (W.D. Pa. Aug. 19, 2019); Brown v. Johnson & Johnson, No. CV 12-4929, 2015 WL 12834346, at *2 (E.D. Pa. Aug. 28, 2015); Moore v. Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ., No. CV 02-1734, 2005 WL 8165154, at *4 (W.D. Pa. Mar. 11, 2005); Devine v. Pittsburgh Bd. of Pub. Educ., No. 2:13-CV-220, 2015 WL 7301149, at *4 (W.D. Pa. Nov. 18, 2015). However, those courts that have excluded this evidence often have done so without prejudice to the plaintiff presenting some specific and narrowly-tailored offer of proof as to the relevance and admissibility of particular evidence. Id.

Guided by the principles we turn to consideration of the instant motion *in limine*.

## B. The Motion *in limine* will be Granted in Part.

In this case, the defendants seek something that is commonly granted—an order forbidding reference at trial to claims that have been dismissed. We note that Brown has responded to this motion *in limine* that seeks to exclude evidence of dismissed claims by arguing that some evidence concerning these previously dismissed claims is still relevant to her sole remaining claim, a First Amendment retaliation claim. However, the basis for this assertion of relevance relating to matters that are not normally deemed admissible is not entirely clear from Brown's filings. (Doc. 116). Accordingly, consistent with caselaw governing the exercise of discretion in this field, this motion *in limine* will be granted in part as follows: Absent the express approval of the trial judge, following a proffer of relevance by the plaintiff and a full consideration of the positions of the parties, the plaintiff shall be precluded from referring to these claims that have been dismissed.

By adopting this course, we provide clear guidance to Ms. Brown that she may not refer to claims that have been dismissed at trial without first explaining to the trial judge why specific evidence is relevant and obtaining the trial judge's approval. Following this path avoids the concerns that justify motions *in limine*, ensuring that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence, United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988), and "narrow[ing] the evidentiary issues for trial and to eliminate unnecessary trial

interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). Yet following this course does not absolutely preclude Brown from presenting specific evidence if she can first demonstrate its relevance through a narrowly tailored offer of proof.

    An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: January 26, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN L. BROWN,** | : | Civil No. 1:15-CV-918 |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF PENNSYLVANIA, DEPT. OF CORRECTIONS, et al.,** | : : : : | |
| **Defendants.** | : | |

## O R D E R

AND NOW, this 26th day of January 2021, in accordance with the accompanying Memorandum, upon consideration of the defense motion *in limine* (Doc. 115), which seeks to preclude Brown, who is now proceeding *pro se*, from referring to or presenting evidence relating to claims that have previously been dismissed at the trial of this case, IT IS ORDERED that the motion is GRANTED in part as follows: Absent the express approval of the trial judge, following a proffer of relevance by the plaintiff and a full consideration of the positions of the parties, the plaintiff shall be precluded from referring to these claims that have been dismissed.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge