## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN L. BROWN,** | : | **Civil No. 1:15-CV-918** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEPT. OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.      Factual Background

The plaintiff, Dawn Brown, is a former employee of the Pennsylvania
Department of Corrections. In 2015, Brown brought a series of sweeping workplace
discrimination claims against her former employers. The instant case was not
Brown's first lawsuit against the Department of Corrections. Previously in 2014,
Brown had filed a sexual harassment lawsuit against her employer relating to alleged
acts of sexual harassment and retaliation which took place beginning in 2009. Brown
v. Dep't of Corrections, Civil No. 1:14-CV-201. In 2017, the court granted summary
judgment in favor of all of the defendants, except one defendant who had not been

served by Brown.  Brown then voluntarily dismissed her lawsuit as to this remaining

defendant.

In the meanwhile, Brown filed this second workplace discrimination lawsuit

in 2015. This case has been pending for nearly six years. Over the span of this

longstanding litigation, the remaining claims in Brown's lawsuit have been

narrowed considerably. At this juncture, Brown's sole remaining legal claim is an

allegation that she was discharged in July of 2015 in retaliation for the exercise of

her First Amendment rights. With extant claims in this case framed in this fashion,

the defendants have filed a motion *in limine*, (Doc. 117), which seeks to preclude

Brown, who is now proceeding *pro se*, from referring to or presenting evidence

relating to her prior sexual harassment lawsuit at the trial of this case.

This motion is fully briefed by the parties, (Docs. 118, 120, 121), and is,

therefore, ripe for resolution. For her part, Brown has filed voluminous responses to

this motion which demand a great deal of the reader but seem to suggest that some

of the matters that were the subject of Brown's First Amendment protected activities

in July of 2015 related to sexual misconduct by prison staff. (Docs. 120, 121). While

this much seems clear, what is far less clear is whether there is any connection

between the sexual harassment allegations made by Brown in Brown v. Dep't of

Corrections, Civil No. 1:14-CV-201 and the allegations that she claims formed the

basis of the First Amendment retaliation claim in this case. Rather, these allegations

seem to involve disparate acts, by distinct actors at different places and times. For example, the central claims in Brown v. Dep't of Corrections, Civil No. 1:14-CV-201 appeared to involve alleged sexual harassment which targeted Brown in 2009 and 2010. In contrast, Brown's First Amendment retaliation claims in this lawsuit appear to involve other matters entirely. For example, in this case, Brown contends that she was subject to retaliation after she made reports to the FBI and the Governor in December of 2014 about matters of public concern, including correctional officer-inmate relationships and the use of cell phones by 22 inmates at SCI Camp Hill. Specifically, on December 3, 2014, she reported that a correctional officer was married to an inmate who was incarcerated at SCI Camp Hill. (Doc. 53-24, at 67). Thus, we are unable to discern the legal, logical, topical, and temporal relationship between the allegations in Brown's 2014 lawsuit and the matters she claims led to her discharge in July of 2015. Accordingly, upon consideration of this motion, for the reasons set forth below, the motion is GRANTED in part as follows: Absent the express approval of the trial judge, following a proffer of relevance by the plaintiff and a full consideration of the positions of the parties, the plaintiff shall be precluded from referring to the claims in her prior dismissed lawsuit, in the trial of this case.

## II.    Discussion

## A. Motions *in Limine*—Guiding Principles

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine* that call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " Abrams v. Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see

<u>Bernardsville Bd. of Educ. v. J.H.</u>, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). One of the key guiding principles governing the exercise of this discretion is reflected in the philosophy that shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. Adopting this broad view of relevance, it has been held that

> Under [Rule] 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [Therefore] "[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."

<u>Frank v. County of Hudson</u>, 924 F. Supp. 620, 626 (D.N.J. Jan 16, 1996) (citing <u>Spain v. Gallegos</u>, 26 F.3d 439, 452 (3d Cir. 1994) (quotations omitted)). Rule 402 of the Federal Rules of Evidence, in turn, provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." <u>United States v. Sriyuth</u>, 98 F.3d 739, 745 (3d Cir. 1996) (citations omitted).

Rule 403 of the Federal Rules of Evidence then sets legal grounds for exclusion of some evidence, stating that:

> Although relevant, evidence may be excluded if its probative value **is** substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

These broad principles also shape and define the scope of this Court's discretion in addressing motions *in limine* like those filed by the parties here, which seek a pre-trial ruling excluding evidence on relevance and prejudice grounds. In the past, the United States Court of Appeals for the Third Circuit has cautioned against the preliminary, wholesale exclusion of evidence, noting that it has "made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*." Walden v. Georgia–Pacific Corp., 126 F.3d 506, 518 n. 10 (3d Cir. 1997). The reason for this caution is evident: oftentimes a court "cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." Id.; see also In re Diet Drugs Products Liability Litigation, 369 F.3d 293, 314 (3d Cir. 2004). As the Court of Appeals has observed when advising against excessive reliance on motions *in limine* to exclude evidence under Rule 403:

> [M]otions *in limine* often present issues for which final decision is best reserved for a specific trial situation. American Home, 753 F.2d at 324; cf. Luce v. United States, 469 U.S. 38, 41–42, 105 S. Ct. 460, 463–64, 83 L.Ed.2d 443 (1984) (holding that criminal defendant must testify to preserve claim of improper impeachment with prior conviction) ("The [*in limine*] ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). This is particularly true when the evidence is challenged as irrelevant or prejudicial; the

6

considerations weighed by the court will likely change as the trial progresses. See Rosenfeld v. Basquiat, 78 F.3d 84, 91 (2d Cir. 1996) ("Unlike rulings that involve balancing potential prejudice against probative value, the ruling in the present case was not fact-bound and no real purpose other than form would have been served by a later objection."). We have also made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*. "[A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence. We believe that Rule 403 is a trial-oriented rule. Precipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are therefore unfair and improper." Paoli I, 916 F.2d at 859; see also In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 747 (3d Cir. 1994) ("Paoli II"). Under these and similar circumstances, if a district court makes a tentative pre-trial ruling, it has the opportunity to "reconsider [its] in limine ruling with the benefit of having been witness to the unfolding events at trial." United States v. Graves, 5 F.3d 1546, 1552 (5th Cir. 1993).

Walden, 126 F.3d at 518 n. 10.

There is, however, a caveat to these legal tenets that urge caution in considering motions *in limine*. Courts are frequently called upon to consider such motions in cases like the instant case where it is alleged that a plaintiff is endeavoring to introduce evidence relating to claims that have been dismissed. Reasoning that evidence regarding dismissed claims that have failed as a matter of law typically has little relevance, courts have often excluded evidence of dismissed claims from trial. See, e.g., Branch v. Brennan, No. 2:17-CV-00777, 2019 WL 3892850, at *2 (W.D. Pa. Aug. 19, 2019); Brown v. Johnson & Johnson, No. CV 12-4929, 2015 WL 12834346, at *2 (E.D. Pa. Aug. 28, 2015); Moore v. Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ., No. CV 02-1734, 2005 WL 8165154, at *4

(W.D. Pa. Mar. 11, 2005); Devine v. Pittsburgh Bd. of Pub. Educ., No. 2:13-CV-220, 2015 WL 7301149, at *4 (W.D. Pa. Nov. 18, 2015). However, those courts that have excluded this evidence often have done so without prejudice to the plaintiff presenting some specific and narrowly-tailored offer of proof as to the relevance and admissibility of particular evidence. Id.

Likewise courts have been reluctant to turn a trial into a forum for the re-litigation of prior lawsuits. Therefore courts have frequently granted motions *in limine* which preclude parties from referring to prior lawsuits at trial in the absence of some very specific and particularized showing of relevance. See, e.g., Palmer v. Nassan, 454 F. App'x 123, 125 (3d Cir. 2011) ( affirming exclusion of evidence of prior excessive force lawsuits); Boyer v. City of Philadelphia, No. CV 13-6495, 2018 WL 4252378, at *5 (E.D. Pa. Sept. 6, 2018); Martsolf v. United Airlines, Inc., No. CV 13-1581, 2015 WL 8207435, at *3 (W.D. Pa. Dec. 7, 2015); Luck v. Mount Airy No. 1, LLC, No. 3:12CV887, 2014 WL 4792590, at *3 (M.D. Pa. Sept. 23, 2014); Dienno v. RevSpring, Inc., No. CV 13-1919, 2014 WL 12607851, at *3 (E.D. Pa. Mar. 27, 2014). This principle applies with particular force in a case such as this, where the factual connection between Brown's prior lawsuit and the instant claims is unclear and her prior lawsuit was dismissed.  Yet, while courts often decline invitations to allow parties to discuss past litigation at the trial of new legal claims,

these rulings are typically made without prejudice to the plaintiff attempting to make a more narrowly focused showing of relevance. Boyer, 2018 WL 4252378, at *5.

Guided by these principles, we turn to consideration of the instant motion *in limine*.

## B. The Motion *in limine* will be Granted in Part.

In this case, the defendants' motion in limine asks this court to avoid turning the trial of the instant case into a forum for the airing of grievances by Brown concerning past lawsuits. This request seems entirely appropriate since consideration of relevance, prejudice, confusion and undue delay all caution against the wholesale introduction of this evidence. First, the factual relevance of Brown's claims in her 2014 lawsuit that she was subjected to sexual harassment in 2009 to her current claims that she was fired in July of 2015 after reporting unrelated sexual misconduct by other staff is unclear. In addition, whatever marginal relevance this prior lawsuit may have is outweighed by the potential for prejudice and confusion that may arise if a jury is asked to consider allegations of sexual harassment in 2009 in the course of adjudicating a 2015 First Amendment retaliation claim. These prospects for prejudice and confusion are heightened by the fact that Brown's 2014 lawsuit was ultimately dismissed by the court. Thus, Brown seems to invite us to allow her to present evidence concerning temporally remote, and meritless, legal claims in the trial of this case. Further, given the fact that Brown's 2014 lawsuit was dismissed,

factors of undue delay also caution against admission of evidence relating to this prior case at trial. If the court allowed Brown to allude to this prior litigation, it would likely also have to permit the defense to show that the 2014 lawsuit was dismissed. As a result, the trial of these claims could transmogrify into the re-litigation of a case that was dismissed in 2017, a result which should be avoided.

Accordingly, consistent with caselaw governing the exercise of discretion in this field, this motion *in limine* will be granted in part as follows: Absent the express approval of the trial judge, following a proffer of relevance by the plaintiff and a full consideration of the positions of the parties, the plaintiff shall not argue or present evidence relating to Brown v. Dep't of Corrections, Civil No. 1:14-CV-201, a prior lawsuit brought by the plaintiff which was dismissed by this court.

By adopting this course, we provide clear guidance to Ms. Brown that she may not refer to prior lawsuits at trial without first explaining to the trial judge why specific evidence is relevant and obtaining the trial judge's approval. Following this path avoids the concerns that justify motions *in limine*, ensuring that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence pursuant to Romano, 849 F.2d at 815, and "narrow[ing] the evidentiary issues for trial and to eliminate unnecessary trial interruptions," Bradley, 913 F.2d at 1069, without prejudice to the plaintiff attempting to make a more narrowly focused showing of relevance. Yet following this course does not absolutely preclude Brown from

presenting specific evidence if she can first demonstrate its relevance through a
narrowly tailored offer of proof. <u>Boyer</u>, 2018 WL 4252378, at *5.

    An appropriate order follows.


                                                                                                    *S/Martin C.  Carlson*
                                                                                                     Martin C. Carlson
                                                                                                     United States Magistrate Judge

DATED: January 27, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN L. BROWN,** | : | **Civil No. 1:15-CV-918** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEPT. OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## **O R D E R**

AND NOW, this 27th day of January 2021, in accordance with the accompanying Memorandum, upon consideration of the defense motion *in limine* (Doc. 117), which seeks to preclude Brown, who is now proceeding *pro se*, from arguing or presenting evidence relating to Brown v. Dep't of Corrections, Civil No. 1:14-CV-201, a prior lawsuit brought by the plaintiff which was dismissed by this court, IT IS ORDERED that the motion is GRANTED in part as follows: Absent the express approval of the trial judge, following a proffer of relevance by the plaintiff and a full consideration of the positions of the parties, the plaintiff shall be precluded from referring to the claims in her prior, dismissed, lawsuit, Brown v. Dep't of Corrections, Civil No. 1:14-CV-201, in the trial of this case.

13

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge