IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN L. BROWN,** | : | **Civil No. 1:15-CV-918** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF PENNSYLVANIA, DEPT. OF CORRECTIONS, et al.,** | : : : | |
| | : | |
| **Defendants.** | : | |

## **MEMORANDUM AND ORDER**

### I.  **Factual Background**

The plaintiff, Dawn Brown, is a former employee of the Pennsylvania Department of Corrections. In 2015, Brown brought a series of sweeping workplace discrimination claims against her former employers. The instant case was not Brown's first lawsuit against the Department of Corrections. Previously in 2014, Brown had filed a sexual harassment lawsuit against her employer relating to alleged acts of sexual harassment and retaliation that took place beginning in 2009. Brown v. Dep't. of Corrections, Civil No. 1:14-CV-201. In 2017, the court granted summary judgment in favor of all of the defendants, except one defendant who had not been

served by Brown. Brown then voluntarily dismissed her lawsuit as to this remaining defendant.

In the meanwhile, Brown filed this second workplace discrimination lawsuit in 2015. This case has been pending for nearly six years. Over the span of this longstanding litigation, the remaining claims in Brown's lawsuit have been narrowed considerably. At this juncture, Brown's sole remaining legal claim is an allegation that she was discharged in July of 2015 in retaliation for the exercise of her First Amendment rights.

Brown is now representing herself in this lawsuit, her previous counsel having withdrawn due to irreconcilable conflicts with the plaintiff. (Docs. 104-112). In this capacity, acting as her own counsel Brown has filed a spate of motions, including a pleading styled as a motion for Rule 37 sanctions, which alleges that the defendants have failed to respond to discovery and produce requested information. (Doc. 132). Brown has also filed another, largely redundant motion seeking disclosure of documents that were not disclosed by the defendants. (Doc.127).

The defendants have responded to these discovery motions (Doc. 133, 145), explaining that when Brown was previously represented by counsel, certain records were produced subject to a confidentiality agreement. According to the defense these records included certain confidential DOC policies, procedure manuals, medical information, classification, and programming related documentation pertaining to

inmates and other related documents. (Doc. 133, at 2). The defendants aver that Brown has refused to be bound by this confidentiality agreement and has instead indicated that she intends to broadcast these sensitive matters publicly. (Id.) Given this prior disclosure, and Brown's refusal to abide by the confidentiality agreement previously entered into in this case, the defendants indicate that sanctions are not warranted here, but state that they will identify for Brown those exhibits which they intend to use at trial at the pre-trial conference to be scheduled in this case. (Id.)

These motions are fully briefed by the parties (Docs. 127, 132, 133, 145), and are, therefore, ripe for resolution. For the reasons set forth below, the motions will be DENIED, but we will prescribe a course for the parties to follow in resolving this issue.

## II.     Discussion and Order

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> **(a) Motion for an Order Compelling Disclosure or Discovery**
> **(1) In General.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). Likewise, discovery sanction decisions rest in the

sound discretion of the court. Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 134 (3d Cir. 2009). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

In this case, it appears that full discovery has been made to Brown's prior counsel, albeit subject to the terms of a confidentiality agreement that Brown has been unwilling to accept. Given these facts, sanctions are not warranted in this case, but some course must be set to resolve this particular dispute.

Accordingly, IT IS ORDERED as follows:

5

1. The motion for sanctions (Doc. 132) and for discovery (Doc. 127) are DENIED, but we will prescribe a course for the resolution of questions concerning access to previously disclosed confidential materials.

2. On or before **March 31, 2021** the parties shall conduct a pre-trial conference required by Local Rule 16.3 prior to the pretrial conference and exchange all exhibits they intend to introduce at trial. L.R. 16.3. The parties will also address the issue of access to these confidential materials. In that regard, the parties should ascertain whether the plaintiff is willing to abide by a confidentiality agreement relating to these materials, or whether any further accommodations can be made to resolve the question of access to this information.

3. On or before **April 7, 2021**, the parties shall file a joint status report with the court addressing the issue of access to this information. If the issue remains unresolved the defendant shall provide the disputed records to the court for its *in camera* review, along with a privilege log, which will be provided to the court and Brown.

SO ORDERED this 2d day of February 2021.

                                        *S/Martin C. Carlson*
                                        Martin C. Carlson
                                        United States Magistrate Judge