## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN L. BROWN, | : | Civil No. 1:15-CV-918 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, DEPT. OF | : | |
| CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The plaintiff, Dawn Brown, is a former employee of the Pennsylvania Department of Corrections. In 2015, Brown brought a series of sweeping workplace discrimination claims against her former employers. The instant case was not Brown's first lawsuit against the Department of Corrections. Previously in 2014, Brown had filed a sexual harassment lawsuit against her employer relating to alleged acts of sexual harassment and retaliation that took place beginning in 2009. Brown v. Dep't. of Corrections, Civil No. 1:14-CV-201. In 2017, the court granted summary judgment in favor of all of the defendants, except one defendant who had not been

served by Brown.  Brown then voluntarily dismissed her lawsuit as to this remaining defendant.

In the meanwhile, Brown filed this second workplace discrimination lawsuit in 2015. This case has been pending for nearly six years. Over the span of this longstanding litigation, the remaining claims in Brown's lawsuit have been narrowed considerably. At this juncture, Brown's sole remaining legal claim is an allegation that she was discharged in July of 2015 in retaliation for the exercise of her First Amendment rights.

Brown is now representing herself in this lawsuit, her previous counsel having withdrawn due to irreconcilable conflicts with the plaintiff. (Docs. 104-112). In this capacity, acting as her own counsel Brown has filed a spate of motions, including a pleading styled as a motion for a hearing. (Doc. 119). This nearly 700-page document demands a great deal of the reader. It is replete with recitals of things that have a quality more imagined than real, alleging that Brown is the victim of a sweeping, global conspiracy involving countless actors and numerous misdeeds.

While this much seems clear, what is far less clear is whether there is any connection between these assertions and the allegations that form the basis of the First Amendment retaliation claim in this case. Rather, these allegations seem to involve disparate acts by distinct actors at different places and times. Further,

although Brown requests a hearing, the reason for the hearing is unclear and the relief Brown seeks is largely unknown.

The defendants have filed a response in opposition to this motion. (Doc. 141). Therefore this motion is now ripe for resolution. For the reasons set forth below, the motion for hearing is DENIED.

This court possesses broad discretion in ruling upon requests for hearings, and the court's exercise of that discretion will only be disturbed upon a showing of an abuse of discretion. State Farm Mut. Auto. Ins. Co. v. Midtown Med. Ctr., Inc., 444 F. App'x 598, 600 (3d Cir. 2011). The court may deny a hearing sought by a party when in the court's judgment an evidentiary hearing is unnecessary to elucidate the issues before the court. In this case, in the exercise of our discretion, we DENY this request for a hearing. Brown's motion for hearing, while prolix, is largely unintelligible. It forays far beyond the issues in this case and invites us on a strange and speculative journey that has no apparent purpose related to the reasoned understanding of her legal claims. Moreover, the relief that Brown seeks through this hearing is entirely unclear. Simply put, a hearing of the type apparently proposed by Brown is unhelpful, unnecessary, and adds nothing to an informed understanding of the issues properly before the court.

Recognizing that all of the factors that guide our discretion caution against granting this request for a hearing, IT IS ORDERED that this motion for hearing (Doc. 119), is DENIED.

_S/Martin C.  Carlson_
Martin C. Carlson
United States Magistrate Judge

DATED: February 12, 2021

4