**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN L. BROWN,** | : | **Civil No. 1:15-CV-918** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEPT. OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.  Factual Background

The plaintiff, Dawn Brown, is a former employee of the Pennsylvania Department of Corrections. In 2015, Brown brought a series of sweeping workplace discrimination claims against her former employers. The instant case was not Brown's first lawsuit against the Department of Corrections. Previously in 2014, Brown had filed a sexual harassment lawsuit against her employer relating to alleged acts of sexual harassment and retaliation which took place beginning in 2009. Brown v. Dep't. of Corrections, Civil No. 1:14-CV-201. In 2017, the court granted summary judgment in favor of all of the defendants, except one defendant

who had not been served by Brown.  Brown then voluntarily dismissed her lawsuit as to this remaining defendant.

In the meanwhile, Brown filed this second workplace discrimination lawsuit in 2015. This case has been pending for nearly six years. Over the span of this longstanding litigation, the remaining claims in Brown's lawsuit have been narrowed considerably. At this juncture, Brown's sole remaining legal claim is an allegation that she was discharged in July of 2015 in retaliation for the exercise of her First Amendment rights.

Brown is now representing herself in this lawsuit, her previous counsel having withdrawn due to irreconcilable conflicts with the plaintiff. (Docs. 104-112). In this capacity, acting as her own counsel Brown has filed a spate of motions, including two pleadings relating to her legal representation. (Docs. 126, 134). In one of these motions, Brown apparently seeks to have her former counsel pay the counsel fees of any future attorneys. (Doc. 126). The second motion seeks the appointment of counsel, asserting that Brown is entitled to counsel in this civil case under the Sixth Amendment to the United States Constitution, which only applies to criminal prosecutions. (Doc. 134).

These motions are fully briefed and are, therefore, ripe for resolution. For the reasons set forth below, the motions will be DENIED, but the denial is entered

without prejudice to reconsideration of Brown's request for *pro bono* trial counsel as this case proceeds.

## II.   <u>Discussion and Order</u>

Brown's motions make two requests of the court. First, Brown seems to request that her prior counsel be compelled to pay the fees of any future counsel. (Doc. 126). Brown cites no legal authority for the novel proposition that counsel who has withdrawn from a case with the leave of court must pay a client's future counsel fees, and we are unaware of any legal authority that supports this breathtaking proposition. Therefore, this motion will be DENIED.

As for Brown's request for appointment of counsel under the Sixth Amendment to the United States Constitution (Doc. 134), Brown fundamentally misunderstands this constitutional provision, which only applies to defendants in criminal cases. Simply put, the Sixth Amendment provides no basis for appointment of counsel in a private civil lawsuit. While we appreciate the plaintiff's interest in securing court-appointed counsel in this civil lawsuit, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997); <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is

discretionary and must be made on a case-by-case basis. <u>Tabron</u>, 6 F.3d at 157-58.

In <u>Parham</u>, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests, we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on h[er] own behalf.

<u>Parham v. Johnson,</u> 126 F.3d at 457.

There is yet another practical consideration that must be taken into account when considering motions for appointment of counsel. As the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

<u>Tabron</u>, 6 F.3d at 157. Mindful of this consideration,

4

> [It has been] emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste."

Id. (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989)).

In this case, our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. While Brown's First Amendment retaliation claim has been found to have sufficient merit to proceed to trial, it is evident that this claim involves a discrete episode and Brown possesses a complete and comprehensive knowledge of the facts surrounding this incident. Brown also has proven to be an active and energetic litigant, who plainly has her own perception of how she wishes to present her claims. Thus at least three of the factors we must consider—(1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation—weigh against appointment of counsel. Further, it is unlikely that expert witness testimony will be necessary in this case and the extent to which Brown cannot afford counsel is unknown at this time. Therefore, these considerations are entitled to little weight in this case.

There are, however, several countervailing considerations that suggest that we should refrain from endeavoring to appoint counsel. First, Brown's acrimonious history with her prior counsel indicates that Brown wishes to be the architect of her case and may not be amenable to the advice of counsel when that advice conflicts with her own predilections. Second, Brown's attempt to try to force her prior counsel to pay her future legal fees makes it highly unlikely that any pro bono volunteer would be willing to undertake this assignment. Third, appointment of counsel at this late date would necessarily delay this resolution of this six-year-old lawsuit, a result that does not promote the interests of the parties or the needs of the court.

Given these countervailing considerations, we will DENY the request to appoint counsel in this case but do so without prejudice to reconsideration of this question by the trial judge as this case proceeds forward.

Accordingly, for the reasons set forth above, IT IS ORDERED as follows:

1.  Brown's motion that her prior counsel be compelled to pay the fees of any future counsel (Doc. 126) is DENIED.

2. Brown's motion for appointment of counsel, (Doc. 134) is DENIED without prejudice to reconsideration by the trial judge as this case proceeds..

SO ORDERED this 12th day of February 2021.

> *S/Martin C.  Carlson*
> Martin C. Carlson
> United States Magistrate Judge