# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN L. BROWN, | : Civil No. 1:15-CV-918 |
| Plaintiff, | : |
| | : (Judge Conner) |
| v. | : |
| | : (Magistrate Judge Carlson) |
| COMMONWEALTH OF PENNSYLVANIA, DEPT. OF CORRECTIONS, et al., | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

### I.   Factual Background

The plaintiff, Dawn Brown, is a former employee of the Pennsylvania Department of Corrections. In 2015, Brown brought a series of sweeping workplace discrimination claims against her former employers. The instant case was not Brown's first lawsuit against the Department of Corrections. Previously in 2014, Brown had filed a sexual harassment lawsuit against her employer relating to alleged acts of sexual harassment and retaliation which took place beginning in 2009. Brown v. Dep't. of Corrections, Civil No. 1:14-CV-201. In 2017, the court granted summary judgment in favor of all of the defendants, except one defendant

1

who had not been served by Brown. Brown then voluntarily dismissed her lawsuit as to this remaining defendant.

In the meanwhile, Brown filed this second workplace discrimination lawsuit in 2015. This case has been pending for nearly six years. Over the span of this longstanding litigation, the remaining claims in Brown's lawsuit have been narrowed considerably. At this juncture, Brown's sole remaining legal claim is an allegation that she was discharged in July of 2015 in retaliation for the exercise of her First Amendment rights.

Brown is now representing herself in this lawsuit, her previous counsel having withdrawn due to irreconcilable conflicts with the plaintiff. (Docs. 104-112). In this capacity, acting as her own counsel Brown has filed a spate of motions, including a pleading styled as a motion for subpoenas. (Doc. 136). While Brown indicates that she wishes to issue trial subpoenas with our assistance, Brown does not identify who she intends to subpoena, or what relevant testimony she may seek from these potential trial witnesses, information that would be crucial to any informed understanding of the motion. Noting these shortcomings, the defendants oppose the motion in its current form and recommend that the court deny the motion without prejudice to renewal of the motion following a pre-trial conference between the parties, at which time the parties could identify witnesses

and address these subpoena issues for the court in a fully informed fashion. (Doc. 144).

Since Brown has not provided us with any of the information necessary to making a determination regarding whether trial subpoenas should issue, we will DENY this motion without prejudice to renewal in a proper format following the pretrial conference of counsel.

## II.     Discussion and Order

Several basic guiding principles inform our resolution of this discovery dispute. At the outset, "Rule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. Fed. R. Civ. P. 45. A subpoena under Rule 45 'must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).'" First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (quoting OMS Invs., Inc. v. Lebanon Seaboard Corp., No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)). Rule 26(b)(1) of the Federal Rules of Civil Procedure, in turn, provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a

magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. R.J. Reynolds Tobacco v. Philip Morris Inc, 29 F. App'x 880, 881 (3d Cir. 2002).

However, the exercise of this discretion is governed by several considerations. First, the trial subpoenas must seek information and evidence that is relevant to the remaining issues in this case. In addition, Brown should understand that plaintiff will be required to arrange for service of the subpoenas and must tender the witness fee and the fees for any mileage allowed by law at the time of service. See 28 U.S.C. § 1821; Fed. R. Civ. P. 45(b) (setting forth service requirements). See also Canady v. Kreider, 892 F.Supp. 668, 670 (M.D. Pa. 1995) (finding that there is no statutory provision authorizing a federal court to waive or provide for payment of witness fees required by 28 U.S.C. § 1821(a), and accordingly holding that "a litigant proceeding *in forma pauperis* is required to tender witness fees as provided in § 1821 to effect service of subpoenas under Rule

45(b)(1)"); Lyons v. Beard, No. 3:07-CV-444, 2011 WL 3649977, at *2 (M.D. Pa. Aug. 18, 2011).

In this case, Brown has not identified any of the witnesses she wishes to subpoena. Nor has she provided some proffer of relevance in support of this motion for trial subpoenas. Further, she has not indicated whether she is prepared to pay the fees associated with any trial subpoenas. Accordingly, due to the lack of this critical information, we are not in a position to make any informed judgments regarding this motion for trial subpoenas.

Accordingly, IT IS ORDERED as follows:

1. The motion for subpoenas (Doc. 136) is DENIED without prejudice to renewal following a pre-trial conference between the parties and counsel.

2. On or before **March 31, 2021** the parties shall conduct a pre-trial conference among themselves required by Local Rule 16.3 and identify all witnesses and exhibits they intend to present at trial. L.R. 16.3.

3. Following this conference, on or before **April 7, 2021**, the plaintiff may renew her motion for subpoenas, but should identify those witnesses she wishes to subpoena at trial, advise us of any objections to particular witnesses, and provide a proffer of the relevant evidence which she seeks from these witnesses. The defendants may then lodge any objections to proposed subpoenas on or before **April 14, 2021**.

SO ORDERED this 12th day of February 2021.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge