IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN L. BROWN,** | : | Civil No. 1:15-CV-918 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEPT. OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.  Factual Background

The plaintiff, Dawn Brown, is a former employee of the Pennsylvania Department of Corrections. In 2015, Brown brought a series of sweeping workplace discrimination claims against her former employers. The instant case was not Brown's first lawsuit against the Department of Corrections. Previously in 2014, Brown had filed a sexual harassment lawsuit against her employer relating to alleged acts of sexual harassment and retaliation that took place beginning in 2009. <u>Brown v. Dep't. of Corrections</u>, Civil No. 1:14-CV-201. In 2017, the court granted summary judgment in favor of all of the defendants, except one defendant who had not been

served by Brown. Brown then voluntarily dismissed her lawsuit as to this remaining defendant.

In the meanwhile, Brown filed this second workplace discrimination lawsuit in 2015. This case has been pending for nearly six years. Over the span of this longstanding litigation, the remaining claims in Brown's lawsuit have been narrowed considerably. At this juncture, Brown's sole remaining legal claim is an allegation that she was discharged in July of 2015 in retaliation for the exercise of her First Amendment rights.

Brown is now representing herself in this lawsuit, her previous counsel having withdrawn due to irreconcilable conflicts with the plaintiff. (Docs. 104-112). In this capacity, acting as her own counsel Brown filed a spate of motions, including a pleading styled as a motion for Rule 37 sanctions, which alleged that the defendants have failed to respond to discovery and produce requested information. (Doc. 132). Brown has also filed another, largely redundant motion seeking disclosure of documents that were not disclosed by the defendants. (Doc.127). The defendants responded to these discovery motions (Doc. 133, 145), explaining that when Brown was previously represented by counsel, certain records were produced subject to a confidentiality agreement. According to the defense these records included certain confidential DOC policies, procedure manuals, medical information, classification, and programming related documentation pertaining to inmates and other related

documents. (Doc. 133, at 2). The defendants aver that Brown has refused to be bound by this confidentiality agreement and has instead indicated that she intends to broadcast these sensitive matters publicly. (Id.) Given this prior disclosure, and Brown's refusal to abide by the confidentiality agreement previously entered into in this case, the defendants indicated that sanctions were not warranted here, but stated that they would identify for Brown those exhibits which they intend to use at trial at the pre-trial conference to be scheduled in this case. (Id.)

On February 2, 2021, we entered an order which addressed these issues and set a schedule for the parties to meet, confer and resolve these questions. (Doc. 146). We ordered the parties to meet before March 31, 2021 to attempt to resolve these questions and then provide us with a status report by April 7, 2021 identifying unresolved discovery issues. (Id.) Brown may not have understood our prior order because she has now filed two more motions which repeat the claims we previously addressed in our February 2, 2021 order and seek disclosure of defense exhibits as well as access to these confidential documents contained in a CD given to her prior counsel. (Docs. 159, 160). Brown also requests a 3-day extension of time in which to file additional pre-trial motions, until March 18, 2021. (Doc. 158).

Accordingly, consistent with our prior order of February 2, 2021, IT IS ORDERED as follows:

1. The motions to compel (Doc. 160) and for discovery (Doc. 159) are DENIED, without prejudice and the parties are ordered to follow the course previously prescribed by the court for the resolution of discovery questions, including issues concerning access to previously disclosed confidential materials.

2. On or before **March 31, 2021** the parties shall meet, confer and exchange all exhibits they intend to introduce at trial. The parties will also address the issue of access to these confidential materials. In that regard, the parties should ascertain whether the plaintiff is willing to abide by a confidentiality agreement relating to these materials, or whether any further accommodations can be made to resolve the question of access to this information.

3. On or before **April 7, 2021**, the parties shall file a joint status report with the court addressing the issue of access to this confidential information and identifying any remaining discovery issues. If the issue of access to confidential documents remains unresolved the defendant shall provide the disputed records to the court for its *in camera* review, along with a privilege log, which will be provided to the court and Brown. If the status report identifies other unresolved issues, the court may request further submissions from the parties.

4. Brown's motion for extension of time which sought to extend a pre-trial motions deadline from March 15 to March 18, 2021. (Doc. 158) is GRANTED and IT IS ORDERED that to the extent that Brown wishes to file any other pre-trial motions she must do so on or before **March 18, 2021**.

SO ORDERED this 16th day of March 2021.

<u>S/Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge