# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN L. BROWN,** | : | Civil No. 1:15-CV-918 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEPT. OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.  Factual Background

The plaintiff, Dawn Brown, is a former employee of the Pennsylvania Department of Corrections. In 2015, Brown brought a series of sweeping workplace discrimination claims against her former employers. The instant case was not Brown's first lawsuit against the Department of Corrections. Previously in 2014, Brown had filed a sexual harassment lawsuit against her employer relating to alleged acts of sexual harassment and retaliation which took place beginning in 2009. Brown v. Dep't. of Corrections, Civil No. 1:14-CV-201. In 2017, the court granted summary judgment in favor of all of the defendants, except one defendant who had not been

served by Brown. Brown then voluntarily dismissed her lawsuit as to this remaining defendant.

In the meanwhile, Brown filed this second workplace discrimination lawsuit in 2015. This case has been pending for nearly six years. Over the span of this longstanding litigation, the remaining claims in Brown's lawsuit have been narrowed considerably. At this juncture, Brown's sole remaining legal claim is an allegation that she was discharged in July of 2015 in retaliation for the exercise of her First Amendment rights.

Specifically, Brown alleges that she made reports to the FBI and the Governor of Pennsylvania in December 2014 regarding concerns about inmates using cell phones at SCI Camp Hill. (Doc. 70-2, at 1-2). She also claims to have told numerous coworkers that she had made these reports. (Id., at 2). She alleges that her reports to the FBI and the Governor resulted in more disciplinary action taken against her. In particular, on January 13, 2015, Brown received disciplinary action for an incident in which she was accused of leaving her post without proper relief or approval, acting inappropriately after an incident that involved Brown using her unregistered personal handcuffs, refusing to follow direct orders given by her superiors, and possessing a controlled substance without permission. (Doc. 53-5, at 2-5; Doc. 53-31). Brown disputes that she acted inappropriately with respect to all of this

disciplinary action, and thus, she filed a complaint with the EEOC against the DOC on January 15, 2015. (Doc. 70-2, at 17).

Brown later filed criminal complaints against the DOC in the Magisterial District Court No. 13-3-02 and with the Cumberland County District Attorney's Office in April and July of 2015, respectively. (Id., at 17-18). These complaints concerned Brown's allegations of the DOC's violations of the right-to-know laws and its failure to investigate an alleged attempted rape of Brown by another correctional officer. (Id.) Subsequently, on July 30, 2015, Brown spoke with a news outlet regarding the retaliation she was experiencing at SCI Camp Hill. (Id., at 18).

Brown then received what she alleges was a retaliatory termination letter dated July 30, 2015, which stated that her employment with the DOC would be terminated, effective on July 31, 2015. (Doc. 53-5). While Brown insists that the decision to terminate her employment was taken in retaliation for the exercise of her First Amendment rights, the termination letter sets forth numerous instances of misconduct by Brown that the DOC stated were the reasons for Brown's termination. These incidents included: the January 13, 2015 incident involving Brown's use of personal handcuffs and inappropriate behavior, which included disobeying a direct order from her superior and her possession of a controlled substance without permission; her refusal on December 25, 2014 to work a mandated double shift; her inappropriate email to the Deputy Superintendent on December 7, 2014; and

3

inappropriate messages posted on social media, which included the names of correctional staff and inmates at Camp Hill. (Id.) The letter noted that Brown had prior instances of discipline in 2012 and 2013 for ethics code violations, which had included final warnings. (Id., at 5).

Brown is now representing herself in this lawsuit, her previous counsel having withdrawn due to irreconcilable conflicts with the plaintiff. (Docs. 104-12). In this capacity, acting as her own counsel, Brown has filed a spate of motions, including a motion *in limine* which seeks leave of court to present evidence regarding claims that have been dismissed in this and other litigation brought by Brown. (Doc. 164). We had previously addressed this issue in connection with a defense motion *in limine,* and had held that absent the express approval of the trial judge, following a proffer of relevance by the plaintiff and a full consideration of the positions of the parties, the plaintiff shall be precluded from referring to these claims that have been dismissed. (Doc. 139).

Recently, there have been a number of recent developments in this case which, in our view, affect our treatment of this motion. In particular, the parties have consented to magistrate judge jurisdiction for the trial of this case and have further agreed to pursue a non-jury trial of this matter. (Doc. 192, 193, 195). All of these recent events influence us in ruling on this motion, which is a pre-trial ruling allowing for the admission of evidence relating to dismissed claims previously

brought by the plaintiff. In particular, the non-jury trial of this case reduces the urgency and necessity of pre-trial evidentiary rulings like those sought here since:

> [A]ny concern about juror confusion is obviated, and the Court is well-positioned to make judgments regarding the admissibility of evidence within the context of the trial itself. Indeed, although courts will rule on motions in limine in advance of bench trials in appropriate cases, Velez v. Reading Health System, 2016 WL 9776079 (E.D. Pa. Feb. 24, 2016), they often will find it unnecessary to do so because the concerns over prejudice or confusion to a jury are absent. See 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Civil 3d § 2411 (3d ed. 2008); see also United States v. Brown, 2017 WL 219521 (N.D. Ill. Jan. 19, 2017) (noting that concerns over the potential for prejudice from improper evidence "are minimal in bench trials ... rulings on motions in limine are less important."); Alan L. Frank Law Assocs., P.C. v. OOO RM Invest, 2016 WL 9348064 (S.D. Fla. Nov. 30, 2016).

Buhler Versatile Inc. v. GVM, Inc., No. 1:17-CV-00217, 2018 WL 6062307, at *5 (M.D. Pa. Nov. 20, 2018).

Nonetheless, recognizing Ms. Brown's status as a *pro se* litigant, we are addressing this motion to provide her with some guidance moving forward in this litigation. Specifically, we will deny this motion without prejudice to Ms. Brown making specific offers of proof as to the relevance of evidence relating to previously dismissed claims during the course of the non-jury trial.

II. **Discussion**

A. **Motions *in Limine*—Guiding Principles**

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial.

5

See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to exclude unfairly prejudicial, confusing, cumulative, or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine* that call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " Abrams v. Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). One of the key guiding principles governing the exercise of this discretion is reflected in the philosophy that shapes the rules of

evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. Adopting this broad view of relevance, it has been held that

> Under [Rule] 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [Therefore] "[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."

Frank v. Cnty. of Hudson, 924 F. Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994) (quotations omitted)). Rule 402 of the Federal Rules of Evidence, in turn, provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir. 1996) (citations omitted).

This principle is then tempered by Rule 403 of the Federal Rules of Evidence which sets legal grounds for exclusion of some evidence, stating that:

> Although relevant, evidence may be excluded if its probative value **is** substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

These broad principles also shape and define the scope of this Court's discretion in addressing motions *in limine* like those filed here, which seek invite us

pre-trial to rule that evidence relating to claims that have been dismissed should nonetheless be admitted at trial. Reasoning that evidence regarding dismissed claims that have failed as a matter of law typically has little relevance, courts have often excluded evidence of dismissed claims from trial. See, e.g., Branch v. Brennan, No. 2:17-CV-00777, 2019 WL 3892850, at *2 (W.D. Pa. Aug. 19, 2019); Brown v. Johnson & Johnson, No. CV 12-4929, 2015 WL 12834346, at *2 (E.D. Pa. Aug. 28, 2015); Moore v. Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ., No. CV 02-1734, 2005 WL 8165154, at *4 (W.D. Pa. Mar. 11, 2005); Devine v. Pittsburgh Bd. of Pub. Educ., No. 2:13-CV-220, 2015 WL 7301149, at *4 (W.D. Pa. Nov. 18, 2015). However, those courts that have excluded this evidence often have done so without prejudice to the plaintiff presenting some specific and narrowly-tailored offer of proof as to the relevance and admissibility of particular evidence. Id. Guided by the principles we turn to consideration of the instant motion *in limine.*

## B. **The Motion *in limine* will be Denied Without Prejudice.**

In this case, the plaintiff seeks something that is rarely granted—an order permitting reference at trial to claims that have been dismissed. We note that Brown argues that some evidence concerning these previously dismissed claims is still relevant to her sole remaining claim, a First Amendment retaliation claim. However, the basis for this assertion of relevance relating to matters that are not normally deemed admissible is not entirely clear from Brown's filings. Accordingly,

8

consistent with caselaw governing the exercise of discretion in this field, this motion *in limine* will be denied without prejudice to Brown seeking to admit specific evidence as trial, provided that the plaintiff first makes a proffer of relevance explaining how evidence of particular, dismissed matters is relevant to the sole remaining claims in this lawsuit.

By adopting this course, we provide clear guidance to Ms. Brown that she may not refer to claims that have been dismissed at trial without first explaining why specific evidence is relevant and obtaining our approval. Following this path avoids the concerns that justify motions *in limine*, excluding unfairly prejudicial, confusing, cumulative or irrelevant evidence, Romano, 849 F.2d at 815, and "narrow[ing] the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley, 913 F.2d at 1069 (citation omitted). Yet following this course does not absolutely preclude Brown from presenting specific evidence if she can first demonstrate its relevance through a narrowly tailored offer of proof.

An appropriate order follows.

*S/Martin C. Carlson*  
Martin C. Carlson  
United States Magistrate Judge

DATED: May 14, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN L. BROWN,** | : | Civil No. 1:15-CV-918 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEPT. OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# **O R D E R**

AND NOW, this 14th day of May 2021, in accordance with the accompanying Memorandum, upon consideration of the plaintiff's motion *in limine* (Doc. 164), which seeks to permit the plaintiff, who is now proceeding *pro se*, to refer to and present evidence relating to claims that have previously been dismissed at the trial of this case, IT IS ORDERED that the motion is DENIED without prejudice to Ms. Brown making specific offers of proof as to the relevance of evidence relating to previously dismissed claims during the course of the non-jury trial.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
