## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN BROWN,** | : | **Civil No. 1:15-CV-918** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEP'T OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM OPINION AND ORDER

### I.   Introduction and Background

This case comes before us for consideration of a motion seeking our recusal. (Doc. 245). This motion comes at a curious time in this litigation and is presented in a curious fashion. By way of background, this action was brought by the plaintiff, Dawn Brown, a former correctional officer in the Pennsylvania Department of Corrections ("DOC"), against the DOC and several of its employees. Brown alleged that she was retaliated against by the DOC and its employees in violation of her First Amendment rights when she was terminated in July of 2015. After protracted proceedings in the case, Brown consented to magistrate judge jurisdiction and further consented to a non-jury trial of her claims

before the undersigned. A four-day nonjury trial was then held in front of the undersigned in June of 2021. After consideration of the testimony and evidence produced at trial, we found that the plaintiff failed to prove that the defendants violated her First Amendment rights, and the plaintiff appealed.

At no time during these extensive proceedings did the plaintiff seek our recusal. Instead, she has filed a recusal motion at this late juncture, where our only task is one referred to us by the Court of Appeals; namely, settling the record of one pretrial proceeding in order to complete the record on appeal.

Beyond the odd timing of this motion, the substance of the recusal request is decidedly unclear. The motion and exhibits comprise some 142 pages of material. Much of this material addresses what Ms. Brown perceives to be a wide-ranging, all-encompassing conspiracy against her. According to Ms. Brown, this illicit activity spans a decade or more and entails a corrupt bargain between countless local, state, and federal officials as well as various criminal gangs. In particular, Ms. Brown focuses her ire upon a former district attorney and United States Attorney who she views as biased against her. However, neither this individual nor the offices he represented in the past were parties to this litigation or played any active role in this civil litigation.

Cast against this sweeping conspiratorial backdrop, we warrant only three brief mentions in the recusal motion. (Doc. 245 at 4-5, and 8). Moreover, these

three passing references appear to relate to several rulings that we made in the course of these proceedings, evidentiary rulings that as a matter of law do not provide grounds for recusal. Mindful that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require'" Conklin v. Warrington Township, 476 F.Supp.2d 458, 463 (M.D. Pa. 2007), for the reasons set forth below we find that the grounds for recusal posited by Brown are untimely, procedurally flawed, and without legal merit. Therefore, the request for recusal must be denied.

## II.   **Discussion**

### A.   **Recusal Motion–Standard of Review**

The legal standards which govern such recusal requests were aptly summarized in Conklin v. Warrington Township, 476 F. Supp. 2d 458 (M.D. Pa. 2007). In terms that are equally applicable here, the court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> > (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> >
> > (b) He shall also disqualify himself in the following circumstances:
> >
> > (1) Where he has a personal bias or prejudice concerning a party....
>
> Id. Pursuant to the above quoted language, the court must consider

whether its rulings and statements objectively produce the appearance of bias against [the plaintiff]. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir. 1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995).

Id. at 462-63.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As we have observed:

The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the

current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Furthermore, in assessing recusal requests, courts must remain mindful that, in the hands of some litigants, a recusal motion may simply be a calculated tactical tool designed to avoid the result which the law dictates in a case, or an attempt to unilaterally choose a new judge. Thus, in every instance:

[T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Id. at 463.

In order to ensure that recusal requests do not become last-minute devices used by expedient by counsel to attempt to avoid outcomes mandated by law, a recusal motion is

> [A]lso subject to the requirement that it be "timely." See 28 U.S.C. § 144. "It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Apple v. Jewish Hosp. and Medical Ctr., 829 F.2d 326, 333 (2nd Cir.1987). The Third Circuit has described this requirement as one of "reasonable diligence." See Furst, 886 F.2d at 581 n. 30.

Cooney v. Booth, 262 F.Supp.2d 494, 503-4 (E.D. Pa. 2003), aff'd., 108 F. App'x 739 (3d. Cir. 2004).

Moreover, it is clear that a party's use of invective toward the court, or disparagement of the court, cannot create recusal grounds since:

> There is a "well established judicial rejection of a rule that would permit a litigant or attorney to disqualify a judge by criticizing him." United States v. Evans, 262 F.Supp.2d 1292, 1296 (D.Utah 2003) (quoting United States v. Helmsley, 760 F.Supp. 338, 342-43 (S.D.N.Y.1991)). In other words, a litigant cannot unilaterally create the grounds for recusal. See In re Mann, 229 F.3d 657, 658-59 (7th Cir.2000) (filing of judicial misconduct charge in reaction to court's decision insufficient ground for disqualification). As [one court] has observed: "A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify herself because the aspersions, *ex propio vigore,* create a cloud on her impartiality." In re United States, 158 F.3d at 35.

Conklin, 476 F.Supp.2d at 464.

In addition, there are also procedural standards which a party moving for recusal must meet. These standards are prescribed by 28 U.S.C. § 144, which as a procedural matter "mandates recusal '[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party.'" Conklin, 476 F.Supp.2d at 463 n. 10. Thus, a proper, and timely filed, affidavit is a legal prerequisite to a recusal motion, a necessary step to impress upon all parties the gravity of the proceedings. When such an affidavit is timely filed,

> [I]t is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir.1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). An affidavit is legally sufficient if the facts alleged therein: (1) are material and stated with particularity; (2) would convince a reasonable person that a bias exists; and, (3) evince bias that is personal, as opposed to judicial in nature. United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973).

Id. This is a burden which cannot be met through vague and conclusory accusations, or subjective assertions. Id. (citing Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations)); Cooney, 262 F.Supp.2d at

502 (holding that opinions and conclusions based upon conjecture and speculation are legally insufficient to warrant recusal).

Judged against these legal standards, we must decline Ms. Brown's request that we recuse ourselves from this case for the following reasons:

First, we note that it is apparent from the face of the motion that this request is totally untimely, as it comes after Ms. Brown consented to magistrate judge jurisdiction, agreed to a non-jury trial, conducted that trial, received our verdict, and filed an appeal. Since the request is completely untimely, it must be rejected. Cooney, 262 F.Supp.2d at 503-04, aff'd., 108 F. App'x 739 (3d Cir. 2004).

Second, the motion contains "no timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," as required by 28 U.S.C. § 144. This procedural shortcoming also undermines this tardy motion and compels its denial.

Third, given the settled case law which holds that "a party's displeasure with legal rulings does not form an adequate basis for recusal," Securacomm Consulting, Inc., 224 F.3d at 278, Ms. Brown may not rely upon our prior evidentiary rulings at her trial as grounds for recusal.

Finally, we note that recusal would be particularly inappropriate at this stage of the litigation, where our only remaining task is one directed by the appellate court: certification and settlement of the record of one pretrial proceeding. Simply

put, since I presided over this conference, my recusal would wholly frustrate the intent of the Court of Appeals when it referred this matter for settlement of the record since it would leave no judicial officer who was actually informed regarding what transpired in this conference assigned to this litigation.

Therefore, we conclude our legal analysis of this recusal motion as we began that analysis by reminding Ms. Brown that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require'" Conklin, 476 F.Supp.2d at 463. Guided by this basic truth, this motion will be denied.

Finally, we note that Ms. Brown's motion seeks additional relief. She wishes to have her address and personal information concealed from public view in the docket of this case. According to Ms. Brown, these steps are necessary for her family's protection due to her role in disclosing the existence of the global conspiracy she describes in her pleading. There are several problems with the request for ancillary relief. First, Ms. Brown's current request is completely inconsistent with her prior motion, (Doc. 239), which demanded that the entire court record be unsealed. As to that prior unsealing request, we noted that this request was moot since, to our knowledge, none of the pleadings or exhibits in this case that Brown sought to have unsealed have been placed under seal. (Doc. 241). Second, Ms. Brown's penchant for filing voluminous materials that are filled with

various forms of personal data makes this request logistically impossible unless we

sealed the entire court docket, a step which would be at odds with the plaintiff's

prior request that the file be unsealed and would conflict with settled precepts

favoring open court proceedings. Finally, the plaintiff's request that this docket not

contain her address is inconsistent with Local 83.18 of this court, which provides

that:

> Whenever a party by whom or on whose behalf an initial paper is
> offered for filing is not represented in the action, such party shall
> maintain on file with the clerk a current address at which all notices
> and copies of pleadings, motions or papers in the action may be
> served upon such party. Service of any notices, copies of pleadings,
> motions or papers in the action at the address currently maintained on
> file in the clerk's office by a party shall be deemed to be effective
> service upon such party.

Accordingly, this request for ancillary relief will also be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN BROWN,** | : | **Civil No. 1:15-CV-918** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEP'T OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

For the reasons set forth in the accompanying Memorandum Opinion, the plaintiff's motion (Doc. 245), which seeks our recusal and other ancillary relief is DENIED.

So ordered this 25th day of January 2022.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

11