# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN BROWN,** | : | Civil No. 1:15-CV-918 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEP'T OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# ORDER

This case comes before us for consideration and resolution of a motion filed pursuant to Rule 10(c) of the Federal Rules of Appellate Procedure[1] to settle and approve a statement of proceedings describing a pretrial conference held in this

---

[1] Rule 10(c) provides as follows:

**(c) Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript Is Unavailable.** If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

Fed. R. App. P. 10

case on June 17, 2021. (Doc. 242). An order approving a statement of these proceedings is now necessary to perfect the record on appeal because, although we attempted to record the proceedings, due to a technical failure of the recording equipment no audible recording of these proceedings exists.

By way of background, this action was brought by the plaintiff, Dawn Brown, a former correctional officer in the Pennsylvania Department of Corrections ("DOC"), against the DOC and several of its employees. Brown alleged that she was retaliated against by the DOC and its employees in violation of her First Amendment rights when she was terminated in July of 2015. After protracted proceedings in the case, Brown consented to magistrate judge jurisdiction and further consented to a non-jury trial of her claims before the undersigned. The June 17, 2021 conference was one of several pretrial conferences conducted in this matter in advance of this non-jury trial. Having considered the parties' competing submissions, (Docs. 242 and 249[2]) the Court APPROVES the following as a record of this June 17, 2021 pretrial conference:

---

[2] We note that the plaintiff's filing simply requests that no action be taken to resolve this issue until Ms. Brown fully litigates a recusal motion that she has recently filed (Doc. 245). Upon consideration we have denied this motion to recuse as untimely and without merit, while also noting that our recusal would make settlement of the record on appeal impossible since it would remove the presiding judge from the case, leaving no judicial officer in a position to settle what transpired at this proceeding. (Doc. 248).

1. Recognizing her *pro se* status, I provided Ms. Brown with a copy of the Federal Rules of Evidence and Federal Rules of Civil Procedure for her use in preparing the case for trial and at trial. The Defendants had no objection.

2. I addressed issues relating to the plaintiff's proposed exhibits, which included 373 pages of material spanning many years. I inquired as to whether the Defendants had any threshold objections to Ms. Brown's exhibits. The Defendants advised that they did not have any immediate objections, but because they had not yet seen all of her exhibits, that they reserved the right to raise any necessary objections at trial.

3. I explained that, given the law of the case, the only claims remaining in this lawsuit consisted of First Amendment retaliation claims premised on the termination of Brown's employment with the Pennsylvania Department of Corrections. I instructed all parties to focus on the relevant events occurring during the last twelve to eighteen months of Ms. Brown's employment which was the pertinent time period described in the plaintiff's complaint. Although Ms. Brown stated that she wished to introduce evidence pertaining to events that had occurred several years before her termination, I advised her that, absent a proffer of relevance to the issues remaining in the case, she likely would not be permitted to do so. Nonetheless, I informed the Defendants that I would permit Ms. Brown to introduce evidence of these temporally remote events if they attempted to rely on

such prior events to demonstrate that her termination had constituted the culmination of long-term progressive discipline.

4. Ms. Brown had initially listed some 75 to 100 witnesses that she wished to call at trial. At this conference, I repeated the instructions I had previously provided to Ms. Brown, instructing her in the first instance to focus on the 15 witnesses she had identified as being the most pertinent to the remaining issues in her case. I further advised Ms. Brown that she was responsible for service of subpoenas on her witnesses and for ensuring their timely appearance at trial.

5. I also advised all parties that Ms. Brown had telephoned chambers to ask procedural questions, and that I had briefly spoken with her during some of those calls when I had answered the phone. While no party lodged any objection to these brief, non-substantive and inadvertent contacts with Ms. Brown, in order to avoid such issues, I further advised all parties to email chambers to ask such questions in the future, and to carbon copy the other parties on any such messages.

6. I also advised the parties that, after the conclusion of the trial, I intended to take the case under advisement and issue a written decision based on all relevant evidence. I informed the parties that I did not intend to orally announce a decision at the end of the trial.

7. We also addressed witness availability and logistics at this conference. On this score, counsel for the Defendants assured me that everyone on their witness

list would be available during the trial, that all Defendants would be physically present for the trial, and that these defense witnesses and defendants would be available to Ms. Brown if she wished to call them in the course of her case-in-chief.

8. We then discussed trial scheduling and I advised the parties that the trial would commence on Monday, June 28, 2021, and I anticipated it would conclude by Thursday, July 1, 2021. In the event that another day of testimony was needed, it was agreed that the parties would return after the Fourth of July weekend.

9. Ms. Brown requested that all witnesses remain sequestered outside of the courtroom during the trial, except when they were testifying. The Defendants agreed to that request, with the understanding that the Defendants themselves would be permitted to remain in the courtroom at all times.

10. Counsel for the Defendants asked whether post-trial briefs would need to be filed, and I advised all parties that post-trial briefing would not be necessary.

11. Ms. Brown indicated that she intended to introduce a specific book into evidence, "22 Years in Front of Bars," by Lewis Bryant. I advised her that the book likely would not be admissible because it did not appear to have any relevance to the terms of Brown's employment or the issues scheduled for trial.

12. I also informed Ms. Brown that she would not be permitted to subpoena former Attorney General Kathleen Kane as a witness at trial since there

was no offer of proof demonstrating that she possessed evidence relevant to the issues in this case.

Pursuant to Federal Rule of Appellate Procedure 10(c), the foregoing record of the pretrial conference held on June 17, 2021 shall be filed with the clerk, transmitted to the Court of Appeals, and shall constitute part of the record on appeal.

So ordered this 26th day of January 2022.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge